# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:09-cr-00466-LJO-1** |
| **Plaintiff-Respondent,** | |
| | **MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S § 2255 MOTION** |
| **v.** | |
| **MICHAEL MINJAREZ** | **(ECF No. 121)** |
| **Defendant-Petitioner.** | |

Before the Court is Petitioner Michael Minjarez's ("Petitioner" or "Minjarez") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 24, 2016. ECF No. 121. Petitioner is currently serving a mandatory life sentence pursuant to the federal three-strikes law, codified at 18 U.S.C. § 3559(c). *See id.* The Government filed its opposition on October 20, 2016 (ECF No. 128), and Petitioner filed a reply on December 19, 2016 (ECF No. 129). Having considered the parties' briefing and the record in this case, the Court GRANTS Petitioner's motion.

## I. BACKGROUND

On December 3, 2009, a grand jury charged Petitioner with the following counts: 1) armed credit union robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); 2) bank robbery, in violation of 18 U.S.C. § 2113(a); 3) armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d); 4) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); and 5) armed credit union robbery, in violation of 18 U.S.C. §§ 2113(a) & (d). ECF No. 1, Indictment.

On May 7, 2010, the Government filed an Information to establish Petitioner's prior convictions

in state court, pursuant to the three-strikes law, which raised the penalty for conviction on any count of the Indictment to mandatory life imprisonment. ECF No. 24. The Information states as follows:

> Prior to the filing of the Indictment, [Minjarez] was convicted of the following violent felonies:
>
> 1) Voluntary Manslaughter, case number 55130, in the Superior Court of San Joaquin County, California
>
> 2) Robbery, case number 76322, in the Superior court of San Joaquin County, California (Four Counts).
>
> Accordingly, the United States gives notice, pursuant to 21 U.S.C. § 851, that the increased statutory penalty on any count of the indictment is mandatory life imprisonment.

*Id.*

On April 22, 2011, following a three-day jury trial, Petitioner was found guilty of all five counts charged against him in the Indictment. ECF Nos. 79, 81; Presentence Investigation Report ("PSR") ¶¶ 1-2.

Because Petitioner was found guilty of two counts of armed credit union robbery, two counts of armed bank robbery, and one count of bank robbery, which represent separate harms and are not groupable offenses, the PSR used the multi-count adjustment to establish a combined offense level under section 3D1.4 of the United States Sentencing Guidelines ("USSG" or "Guidelines"). *See id.* ¶¶ 22-53. The PSR determined Petitioner's combined adjusted offense level to be 34. *Id.* ¶ 55. The PSR went on to note that because the counts of conviction constituted crimes of violence, and because Petitioner had two prior convictions for crime of violence (voluntary manslaughter and four counts of second-degree robbery), he was deemed a career criminal pursuant to USSG § 4B1.1(b). *Id.* ¶ 56. USSG § 4B1.1(b)(A) provided that because the statutory maximum sentence was life, the applicable offense level was 37. *Id.* The PSR also noted that under USSG § 4B1.1(b), a career offender's criminal history category is category VI. *Id.* Based on a total offense level of 37 and a criminal history category of VI, the Guidelines range for imprisonment was 360 months to life. *Id.* ¶ 102. However, because an Information was filed to establish two prior convictions pursuant to the three-strikes law, and Petitioner

was convicted of the five counts charged against him in the Indictment, the statutory penalty for each count on the Indictment was increased to mandatory life imprisonment.  *Id.*

On July 18, 2011, District Judge Oliver Wanger adopted the PSR's findings and sentenced Petitioner to a term of life imprisonment for the five counts charged against him.  ECF Nos. 79 & 81.  At sentencing, Judge Wanger noted that Petitioner's life sentence was mandatory pursuant to the three-strikes law and his two prior convictions for "serious violent felonies."  ECF No. 110 at 24.

Petitioner subsequently appealed his conviction, arguing *inter alia*, that the district court erred in applying the three-strikes law.  ECF No. 83.  On November 14, 2012, the Ninth Circuit affirmed Petitioner's conviction.  ECF No. 115; *United States v. Minjarez*, 495 Fed. App'x 857 (9th Cir. Nov. 14, 2012).

This is Petitioner's first motion under § 2255.

## II. LEGAL FRAMEWORK

**A.  28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).  Generally, only a narrow range of claims fall within the scope of § 2255.  *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).  The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.  *Johnson* And *Welch***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony

or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

Subsequently, the Supreme Court held that its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the

[Act] punishes.'" *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

**C.  *Sessions v. Dimaya***

In *Sessions v. Dimaya*, the Supreme Court examined a similar vagueness issue in the Immigration and Nationality Act. 138 S. Ct. 1204 (2018). The INA makes deportable any alien convicted of an "aggravated felony" after entering the United States and defines "aggravated felony" to include many offenses and types of offenses. Among the items on the list of offenses is "a crime of violence," as defined by 18 U.S.C. § 16. That provision defines "crime of violence" to mean

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 16 (emphasis supplied). Courts refer to the first clause as the elements clause and the second clause as the residual clause.

Despite minor textual differences from the language at issue in *Johnson*, the Supreme Court held that the residual clause in § 16 violated the "promise" of due process "in just the same way." 138 S. Ct. at 1215. The same two features that combined in *Johnson* to render the residual clause there unconstitutionally vague did the same to the residual clause in *Dimaya*. First, the residual clause requires a court to assess the "ordinary case" of a crime in order to measure the crime's risk. *Id.* As in *Johnson*, the residual clause "'offer[s] no reliable way' to discern what the ordinary version of any offense look[s] like. And without that, no one [can] tell how much risk the offense generally pose[s]." *Id.* at 1214 (internal citation omitted). *See also id.* at 1215 ("the 'ordinary case' remains, as *Johnson* described it, an excessively 'speculative,' essentially inscrutable thing"). Second, the residual clause includes "uncertainty about the level of risk that makes a crime 'violent.'" *Id.* Applying this

"substantial risk" standard to a "'judge-imagined abstraction' . . . ceases to work in a way consistent with due process." *Id*. (quoting *Johnson*, 135 S. Ct. at 2558). The residual clause in 18 U.S.C. § 16 "'requires a court to picture the kind of conduct that the crime involves "in the ordinary case," and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk. The result is that § 16(b) produces, just as ACCA's residual clause did, 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Id*. at 1216 (internal citation omitted) (quoting *Johnson*, 135 S. Ct. at 2558).

## D. Mandatory Life Sentences Pursuant To The Federal Three-Strikes Law

The federal three-strikes law, codified at 18 U.S.C. § 3559(c), "enhances the sentence of a defendant who is convicted of a serious violent felony when the defendant previously was convicted of at least two other serious violent felonies." *United States v. Kaluna*, 192 F.3d 1188, 1195 (9th Cir. 1999). Specifically, the statute provides that a person "who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if --

> (A) the person has been convicted of (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of –
>
> (i) 2 or more serious violent felonies; or
>
> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1). The statute defines "serious violent felony" as

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118) . . . extortion; and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another *or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense*.

*Id.* § 3559(c)(2)(F) (emphasis supplied). The three-strikes law "places the burden on the government to

demonstrate that a defendant was convicted of at least two prior offenses that qualify as 'serious violent felonies' under § 3559(c)(2)(F)." *Kaluna*, 192 F.3d at 1193. The statute defines "extortion" to mean

> an offense that has as its elements the extraction of anything of value from another person by threatening or placing that person in fear of injury to any person or kidnapping of any person.

*Id.* § 3559(c)(2)(C). Finally, the statute provides that

> [i]f the conviction for a serious violent felony . . . that was a basis for sentencing under this subsection is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional . . . the person serving a sentence imposed under this subsection shall be resentenced to any sentence that was available at the time of original sentencing.

*Id.* § 3559(c)(7).

### III. <u>DISCUSSION</u>

Petitioner challenges[1] his sentence on the basis that, in light of *Johnson*, his prior conviction for second-degree robbery, in violation of section 211 of the California Penal Code ("CPC") is no longer a "serious violent felony" under 18 U.S.C. § 3559(c), and therefore, that he does not have two prior "serious violent felony" convictions warranting the application of the three-strikes law.[2] ECF No. 121 at 12.

In its opposition, the Government sets forth several arguments as to why Petitioner is not eligible for relief under § 2255. ECF No. 128. First, the Government asserts that Petitioner's CPC § 211 conviction is a "serious violent felony" that sustains the application of the three-strikes law because 18 U.S.C. § 3559(c) explicitly lists robbery and extortion as examples of "serious violent felonies," and

---

[1] Petitioner additionally challenges his classification as a career offender under USSG § 4B1.1 on the basis that the Guidelines contained a residual clause similar to that which was held unconstitutional in *Johnson*. ECF No. 121 at 20-35. However, Petitioner's claims regarding the application of the Guidelines to his sentence have been foreclosed by the Supreme Court's subsequent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that the Guidelines are not subject to vagueness challenges "because they merely guide the district court's discretion" and because "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 874. Therefore, Petitioner's designation as a career offender under the Guidelines remains intact.

[2] Petitioner does not dispute that his prior conviction for voluntary manslaughter is a strike for purposes of the three-strikes law.

CPC § 211 is a categorical match for both robbery and extortion for purposes of § 3559(c). *Id.* at 8. For this reason, it is the Government's position that *Johnson* does not apply in this case. *Id.* at 12-13. Finally, the Government contends that *Johnson* only applies retroactively to ACCA cases on collateral review, and that Petitioner's motion is therefore time-barred. *Id.*

**A.**    **Whether CPC § 211 Is A "Serious Violent Felony" Under The Three-Strikes Law**

Petitioner's originally imposed life sentence was premised upon the classification of his CPC § 211 conviction as a "serious violent felony" within the meaning of § 3559(c)(2)(F). ECF Nos. 81 & 110. Because *Johnson* and *Dimaya* leave the three-strikes law's residual clause in constitutional doubt, the Court first considers whether Petitioner's CPC § 211 conviction qualifies as a "serious violent felony" under the other definitions set forth in the statute: 1) the "elements clause" in § 3559(c)(2)(F)(ii); 2) robbery, as defined in §§ 2111, 2113, or 2118; or 3) extortion, as defined in § 3559(c)(2)(C). *See* § 3559(c)(1).

**1.**    **Categorical Approach**

To determine whether Petitioner's CPC § 211 conviction qualifies as a "serious violent felony" under any of the aforementioned definitions, the Court uses the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and will "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic offense], while ignoring the particular facts of the case." *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Chambers v. United States*, 555 U.S. 122, 125 (2009); *United States v. Johnson*, 915 F.3d 223, 228 (4th Cir. 2019) (applying the categorical approach to determine whether a defendant's conviction under New York's robbery statute qualifies as an enumerated offense under § 3559(c)). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted); *see also United States v. Johnson*, 915

F.3d at 228 ("We will thus apply a 'categorical approach,' meaning that we will compare the New York robbery statute, rather than the facts underlying Johnson's convictions, to the federal statutes that Congress referenced to describe robbery in the three-strikes law."). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted); *see also Mathis*, 136 S. Ct. at 2248 ("A crime counts" as a generic offense "if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense," then it is not a categorical match—"even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." (emphasis in original)).

If a state statute defines as criminal more conduct than is included in the generic offense, then a court must determine whether the state statute is divisible—whether it can be divided into violations that do fit within the generic offense definition. *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013) and *Rendon v. Holder*, 764 F.3d 1077, 1084-86 (9th Cir. 2014)). To be divisible, a state statute must contain "multiple, alternative elements of functionally separate crimes." *Rendon*, 764 F.3d at 1085 (emphasis omitted). If a state statute is divisible, the Court may "take into consideration certain documents, such as charging documents or a plea agreement, to determine whether the defendant was convicted of violating a prong of the statute that meets the [generic offense definition.]" *Id.* at 1083-84. However, if the state statute is not divisible, and defines as criminal more conduct than is included in the generic offense definition, then a conviction under the state statute cannot serve as a predicate offense under the three-strikes law for the application of the mandatory life sentence. *See Descamps*, 133 S. Ct. at 2283-86.

Using this framework, the Court begins with the statutory language of CPC § 211. CPC § 211 "prohibits the felonious taking of personal property in the possession of another, from his person or

immediate presence, and against his will, accomplished by means of force or fear."[3]  California law defines "fear" as either "[t]he fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family" or "[t]he fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery."  CPC § 212.  Furthermore, the Court notes that the Ninth Circuit has determined that CPC § 211 is an indivisible statute, meaning that the Court's inquiry will be confined to the pure categorical approach.  *Dixon*, 805 F.3d at 1198; *see also Rendon*, 764, F.3d at 1088.  Thus, the Court's task is to compare the elements of CPC § 211 with the relevant generic offense definitions of § 3559(c) to determine whether CPC § 211 may serve as a predicate offense for the three-strikes law.

## 2.  <u>Elements Clause</u>

In *Dixon*, decided subsequent to *Johnson*, the Ninth Circuit held that CPC § 211 is not a categorical match to the ACCA's definition of "violent felony"—a holding that controls in this case, because the ACCA also includes an "elements clause" identical to the "elements clause" contained in the three-strikes law.  *See* 805 F.3d at 1196.  In other words, the Ninth Circuit has already considered whether CPC § 211 necessarily has "as an element the use, attempted use, or threatened use of physical force against the person of another," and concluded that CPC § 211 does not categorically match the ACCA's elements clause.  *See id.* ("We first turn to whether CPC § 211 is a categorical match to the ACCA's definition of 'violent felony.'  We conclude that CPC § 211 is not a categorical match because it criminalizes conduct not included within the ACCA's definition of 'violent felony.'").  In *Dixon*, the Ninth Circuit reasoned that because the California Supreme Court has clarified that "one may violate

---

[3] "The California model jury instructions explain that the elements of CPC § 211 are: (1) the defendant took property that was not his own, (2) the property was in the possession of another person, (3) the property was taken from the other person or his immediate presence, (4) the property was taken against the other person's will, (5) the defendant used force or fear to take the property or to prevent the other person from resisting, (6) when the defendant used force or fear, he intended to deprive the owner of the property permanently, and (7) the defendant's intent to take the property was formed before or during the time he used force or fear.  *See* Criminal Jury Instructions § 1600 (Jud. Conf. of Cal. 2015)."  *Dixon*, 805 F.3d at 1198 (emphasis added).

CPC § 211 by *accidentally using force*," CPC § 211 covers a broader swath of conduct than the ACCA

elements clause because CPC § 211 "does not require finding the defendant acted with the intent to use

force against another, as long as the defendant did use force against another person with the intent to

steal." *Id.* (citing *People v. Anderson*, 252 P. 3d 968, 972 (2011) (finding that CPC § 211 covered

scenario in which perpetrator broke into unoccupied car parked in a garage and then accidentally ran

over the car's owner while leaving the garage at high speed). The Ninth Circuit reaffirmed this holding

in *United States v. Garcia-Lopez*, a case applying *Dixon* to find that CPC § 211 was not a categorical

match for the elements clause of 18 U.S.C. § 16(a), a clause virtually identical to the elements clauses of

the ACCA and the three-strikes law.[4] 903 F.3d 887 (9th Cir. 2018). "Because the wording of [the

elements clauses of the ACCA, § 16(a), and the three-strikes law are] virtually identical, we interpret

their plain language in the same manner." *Id.* (quoting *United States v. Benally*, 843 F.3d 350, 354 (9th

Cir. 2016)). The language in the ACCA elements clause is identical to the elements clause in the three-

strikes law, and *Dixon* therefore dictates that Petitioner's CPC § 211 conviction is not a categorical

match for the elements clause in the three-strikes law. *See* 805 F.3d at 1196; *see also Garcia-Lopez*, 903

F.3d at 893 ("*Dixon* controls this case. . . . Accordingly, we hold that California robbery does not

constitute a 'crime of violence' pursuant to § 16(a)."); *Heflin*, 195 F. Supp. 3d at 1137-38 ("a California

Robbery conviction cannot qualify as a predicate offense under the [ACCA] elements clause

[because] . . . *Dixon* controls"). Accordingly, CPC § 211 is not a categorical match for the elements

clause in the three-strikes law.

### 3. Enumerated Offenses: Robbery And Extortion

The Government, which did not substantively address the issues discussed above, concentrates

---

[4] *Compare* 18 U.S.C. § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* 18 U.S.C. § 16(a) ("has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another") *and* 18 U.S.C. § 3559(c)(2)(F)(ii) ("has as an element the use, attempted use, or threatened use of physical force against the person of another"). The elements clause in § 16(a) includes the risk of force against the property of another, but the three clauses are in other respects identical.

its opposition brief on its argument that CPC § 211 is categorically a "serious violent felony" for purposes of the three-strikes law because it falls within the enumerated offenses in § 3559(c), which specifically list "robbery" and "extortion." ECF No. 128 at 6-8. Specifically, the Government argues that *Dixon* does not control the ultimate outcome in this case because of the Ninth Circuit's previous holdings that CPC § 211 is categorically a "crime of violence" under the generic definitions of "robbery" and "extortion" set forth in section 2L1.2 of the Guidelines. *Id.* (citing *United States v. Flores-Mejia*, 687 F.3d 1213, 1215-16 (9th Cir. 2012) and *United States v. Becerril-Lopez*, 541 F.3d 881. 892-93 (9th Cir. 2008)). Like § 3559(c)(2)(F)(i), the commentary to USSG § 2L1.2 enumerates certain offenses that trigger its application, including "robbery" and "extortion." *See* USSG § 2L1.2.

However, as Petitioner notes in his reply brief, the Government's opposition brief "evinces confusion about the analytical task at hand," because here, the Court's task is not to compare CPC § 211 with the "generic robbery" and "generic extortion" definitions in the Guidelines. *See* ECF No. 129 at 10. Rather, in accordance with the plain language of the three-strikes law, the Court must compare CPC § 211 with the definitions of "robbery" and "extortion" set forth in § 3559(c)—which are different from the "generic robbery" and "generic extortion" definitions in the Guidelines. *See* § 3559(c).[5] As set forth in the three-strikes law, a state conviction will qualify if it is a categorical match for "robbery," as defined in 18 U.S.C. §§ 2111, 2113, or 2118, or "extortion," meaning "an offense that has as its elements the extraction of anything of value from another person by threatening or placing that person in fear of injury to any person or kidnapping of any person."

The Court first evaluates whether CPC § 211 fits within § 3559(c)'s definition of robbery, which references the federal robbery statutes in 18 U.S.C. §§ 2111, 2113, and 2118. As mentioned above, CPC

---

[5] In *Dixon*, the Ninth Circuit noted that because the ACCA's definition of "crime of violence" is narrower than the one in the Guidelines, case law interpreting the Guidelines definition of "crime of violence" was not necessarily determinative in the context of the ACCA. *See* 805 F.3d at 1196. Because the three-strikes law's definitions of "robbery" and "extortion" are likewise narrower than "generic robbery" and "generic extortion" as defined in the Guidelines, case law interpreting the Guidelines definitions do not control this case.

§ 211 proscribes "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear," and "encompasses mere threats to property." *Becerril-Lopez*, 541 F.3d at 891; *see also Moncrieffe*, 133 S. Ct. at 1684 (court must "presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense."). The relevant element of the federal robbery statutes is the taking of anything of value "by force and violence, or by intimidation." *See* §§ 2111[6], 2113[7], 2118[8]. Also relevant here, Ninth Circuit has defined "intimidation" under § 2113 to mean "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (emphasis supplied).

The key point of comparison between CPC § 211 and the federal robbery statutes is whether CPC § 211's "by means of fear or force," element, which includes "fear of unlawful harm to [the victim]'s property," *see* CPC § 212, is identical to or narrower than the "intimidation" element in the federal robbery statutes. The Court agrees with Petitioner that CPC § 211 is broader than any of the federal robbery statutes because it includes "mere threats to property, such as 'Give me $10 or I'll key your car' or 'Open the cash register or I'll tag your windows.'" *Becerrill-Lopez*, 541 F.3d at 891. That the "force or fear" element may be satisfied through threats to property is confirmed by California's model jury instructions, which state: "*Fear*, as used here, means fear of (injury to the person himself or herself[,]/ [or] injury to the person's family or property [,]/ [or] immediate injury to someone else

---

[6] Section 2111 provides, in full: "Whoever within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

[7] Section 2113 provides, in relevant part: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or anything of value belonging to . . . a bank . . . shall be fined under this title or imprisoned not more than twenty years, or both."

[8] Section 2118 provides, in relevant part: "Whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to . . . a person registered with the [DEA] shall . . . be fined under this title or imprisoned not more than twenty years, or both."

present during the incident or to that person's property).]" Criminal Jury Instructions § 1600 (Judicial

Conf. of Cal. 2016). Because the federal robbery statutes, at a minimum, require actions that "would put

an ordinary, reasonable person in fear *of bodily harm*," *see Selfa*, 918 F.2d at 751, CPC § 211 is not a

categorical match because it punishes conduct that is outside the reach of §§ 2111, 2113 or 2118. As a

matter of common sense, threatening to harm one's property would not put an ordinary, reasonable

person in fear of bodily harm. Accordingly, the Court finds that CPC § 211 is not a categorical match

for "robbery" under the three-strikes law.

Finally, the Court compares CPC § 211 to the definition of "extortion" set forth in

§ 3559(c)(2)(C): "an offense that has as its elements the extraction of anything of value from another

person by threatening or placing that person in fear of injury to any person or kidnapping any person."

Like the federal robbery statutes, the definition of extortion in § 3559(c)(2)(C) by its plain language also

requires putting an individual in fear of bodily harm. Consequently, the reasoning behind the Court's

conclusion that CPC § 211 is broader than the federal robbery statutes is applicable here as well, because

"extortion" as defined by § 3559(c)(2)(C) does not encompass threats to property.[9] CPC § 211 covers

the felonious taking of property by threatening to harm an individual's property, which is not identical to

or narrower than "threatening or placing that person in fear of injury to any person or kidnapping any

person." Therefore, the Court finds that CPC § 211 does not categorically match § 3559(c)(2)(C)

definition of extortion.

**B.      Whether *Johnson* And *Dimaya* Invalidate The § 3559(c)(2)(F)(ii) Residual Clause[10]**

_____

[9] For this reason, the Ninth Circuit's holding in *Becerrill-Lopez* that CPC § 211 falls within "generic extortion," as used in the Guidelines, does not apply here. In *Becerrill-Lopez*, the Ninth Circuit noted that "generic extortion" is defined as the "obtaining [of] something of value from another without his consent induced by the wrongful use of force, fear, or threats." 541 F.3d at 891-92. This definition is much broader than § 3559(c)(2)(C) extortion, and easily encompasses threats to cause harm to property. *See id.*

[10] In *Beckles*, discussed *supra*, the Supreme Court held that the residual clause in section 4B1.2(a) of the Guidelines, despite its similarity to the ACCA's residual clause, was "not amenable to a vagueness challenge." 137 S. Ct. at 894. The Supreme Court held that the because the Guidelines merely guide a judge's exercise of discretion within the bounds that Congress established through statutes, the Guidelines are not subject to challenge on vagueness grounds. The criminal statutes themselves establish minimum and maximum penalties, thereby providing the notice and preventing the arbitrary

14

Because CPC § 211 does not categorically qualify under the elements clause or any of the enumerated offenses, Petitioner's prior conviction for CPC § 211 can only qualify as a serious violent felony if it falls under the residual clause.

18 U.S.C. § 16 defines "crime of violence" to mean

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, *by its nature, involves a substantial risk that physical force against the person **or property** of another may be used in the course of committing the offense.*

18 U.S.C. § 16(b) (emphases supplied). After the enumerated-offense clause, the federal three-strikes law defines "serious violent felony" in the elements clause and residual clause to mean

(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, *by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.*

18 U.S.C. § 3559(c)(2)(F)(ii) (emphasis supplied). The residual clause of the two statutes, which are italicized above, are nearly identical and differ only in two minor respects. First, § 16(b) discusses "a felony," while the residual clause of § 3559(c)(2)(F) refers to an "offense punishable by a term of imprisonment of 10 years or more." Second, § 16 includes a substantial risk that physical force may be used against the person *or property* of another, while the three-strikes law's residual clause does not include physical force used against property. In all other respects, the two residual clauses are identical.

The residual clause in the three-strikes law is indistinguishable from § 16, the one at issue in *Dimaya*. As in the ACCA and in § 16(b), the language of the residual clause here "demands a

---

enforcement that form the twin foundations of the vagueness doctrine. *Id.* at 894. The Court rejected the void-for-vagueness challenge to the residual clause formerly in the Guidelines. *See id.* at 894-95. *Beckles* does not foreclose Petitioner's challenge to the § 3559(c) residual clause because like the ACCA, the three-strikes law is a statute that "fixe[s] . . . a higher range of sentences for certain defendants" where it is applicable. *See id.* at 892 (quoting *Alleyne v. United States*, 133 S. Ct. 2151, 2160-61 (2013)). Accordingly, like the ACCA, the three-strikes law is can also be challenged on vagueness grounds. *See id.*; *Johnson*, 135 S. Ct. at 2556-57 ("The prohibition of vagueness in criminal statutes . . . appl[ies] . . . to statutes fixing sentences.").

categorical approach." *Dimaya*, 138 S. Ct. at 1217-18 (discussing § 16(b)'s use of the phrase "by its nature," absence of "terms alluding to a crime's circumstances," and difficulty in reconstructing the circumstances and conduct underlying prior convictions); *see also Johnson*, 135 S. Ct. at 2562 (holding that the reference to prior convictions indicates that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions" (quoting *Taylor*, 495 U.S. at 600)). That is because when a statute uses the words "by its nature," it "tells courts to figure out what an offense normally—or, as we have repeatedly said, 'ordinarily'—entails, not what happened to occur on one occasion." *Dimaya*, 138 S. Ct. at 1217–18 (discussing 18 U.S.C. § 16(b)).

The features that rendered the residual clauses unconstitutional in the *Johnson II* and *Dimaya* are equally present here. The residual clause directs a court to determine what conduct a crime's ordinary case entails without offering a "reliable way" to guide that task. *Dimaya*, 138 S. Ct. at 1214. This indeterminate standard is then layered onto a second layer of vagueness: "uncertainty about the level of risk that makes a crime 'violent.'" *Id.* at 1215. The "substantial risk" threshold in the residual clause here is identical to the statutory language in § 16(b) and is, like the "serious potential risk" in the ACCA, an "imprecise 'qualitative standard.'" *Id.* (quoting *Johnson*, 135 S. Ct. at 2561). Just as in *Johnson* and *Dimaya*, the "ordinary-case requirement and a fuzzy risk standard" combine to render the residual clause unconstitutionally vague. *Id.* at 1221. These two features "require a judge to guess about the ordinary case of the crime of conviction and then guess whether a 'substantial risk' of 'physical force' attends its commission." *Id.* at 1231 (Gorsuch, J, concurring). The same two features that led the Supreme Court in *Johnson* and *Dimaya* to hold "that a law that asks so much of courts while offering them so little by way of guidance is unconstitutionally vague" are both present in the residual clause of the three-strikes law, and the Court "do[es] not see how [it] might reach a different judgment here." *Id.*

This conclusion is bolstered by a recent Ninth Circuit decision that acknowledged that the language at issue in *Dimaya* closely mirrors the language at issue in the residual clause of the three-

16

strikes law. In *United States v. Morrison*, the petitioner's § 2255 motion argued that the petitioner's convictions for robbery under CPC § 211 no longer qualify as "serious violent felonies" under the federal three-strikes law's residual clause, 18 U.S.C. § 3559(c). *United States v. Morrison*, 751 F. App'x 1026, 1027 (9th Cir. 2019). The district court denied the motion, distinguishing *Johnson* and finding that the residual clause in the definition of serious violent felony in the federal three-strikes law, § 3559(c)(2)(F)(ii), was not unconstitutionally vague. *Id*. The panel noted that in *Dimaya*, the Supreme Court struck down as unconstitutionally vague the residual clause in 18 U.S.C. § 16(b) and that "[t]he residual clause in § 16(b) seems materially indistinguishable from the residual clause contained in § 3559(c)(2)(F)." *Id*. The Ninth Circuit vacated and remanded to the district court for reconsideration in light of the Supreme Court's decision in *Dimaya*, which had issued during the pendency of the appeal.[11]

The residual clause in the three-strikes law is nearly identical to the residual clause in § 16(b). While the broader statutory framework differs slightly, this minor difference does not alter the constitutional analysis. The residual clause in § 16(b) stands on its own, unmoored from a list of exemplar crimes that might guide an analysis of what sort of crime qualifies under the residual clause.

---

[11] The Supreme Court recently granted certiorari in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, No. 18-431, 2019 WL 98544 (Jan. 4, 2019), to determine whether the "crime of violence" residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The government argues in its opening brief before the Supreme Court that the Fifth Circuit erred in interpreting the language in a manner rendering it unconstitutionally vague. Even though the language in the residual clause in § 924(c)(3)(B) is indistinguishable from the language at issue in *Dimaya*, the government argues that because § 924(c)(3)(B) applies only to the conduct for which the defendants is currently being prosecuted, a categorical approach is inappropriate, and a circumstance-specific approach should govern. Moreover, because the residual clause applies only to conduct during which the defendant employed a firearm during and in relation to the crime before the jury, vagueness concerns are not present in the same way they were in *Johnson* and *Dimaya*. Brief for the United States, *United States of America v. Davis*, 2019 WL 629976 (Feb. 12, 2019), at *16-17 ("The categorical approach developed in large part due to concerns specific to the context of classifying prior convictions - an issue with Section 16(b) and the ACCA's residual clause, but not with Section 924(c)(3)(B). Because Section 924(c)(3)(B) is limited to conduct already before a jury, a categorical approach is not necessary to avoid either the practical difficulties of attempting to determine the precise conduct underlying a long-ago conviction, nor the constitutional concerns that might arise from a sentencing court making factual determinations about such past conduct."). In *Johnson*, the Court distinguished instances where a court was using the categorical approach to determine whether the residual clause captured "an idealized ordinary case of the crime"—like the task before the Court here—from cases where a similarly worded residual clause applied to an individual defendant's real-world conduct "*on a particular occasion*," *Johnson*, 135 S. Ct. at 2561 (emphasis in original), which is what the petitioner argues is at issue in *Davis*. Accordingly, the outcome of *Davis* is unlikely to affect the disposition of this petition.

The residual clause in the three-strikes law, by contrast, is preceded by a long list of enumerated offenses. 18 U.S.C. § 3559(c)(2)(F)(i). This distinction does not save the clause. The ACCA's residual clause likewise was preceded by a "confusing list of exemplar crimes" in its enumerated-crimes clause, a list that *Johnson* noted was "too varied to provide" assistance in "giving the residual clause meaning." *Dimaya*, 138 S. Ct. at 1221. The list of enumerated crimes in 18 U.S.C. § 3559(c)(2)(F)(i) suffers from the same problem as the list in the ACCA – it includes burglary, arson, and extortion; unlike the ACCA's residual clause, it omits use of explosives; and it adds a handful of other crimes, including sexual abuse, aircraft piracy, and firearms possession, among others. The Court in *Johnson* made note of courts' difficulty in using the ACCA's enumerated crimes to guide interpretation of the residual clause. But in *Johnson*, "the list of crimes was not the culprit," and in *Dimaya*, the absence of the list of crimes did not trigger the constitutional problem. *Dimaya*, 138 S. Ct. at 1221. Instead, as the Court made clear, the unconstitutional vagueness in the residual clause in each of those cases "resided[d] in just 'two' of its features: the ordinary-case requirement and a fuzzy risk standard," the two key flaws that remain whether accompanied by a list of enumerated crimes or not. *Id*. The inclusion of a greater list of enumerated crimes is not a basis to distinguish the residual clause in the three-strikes law.

*Johnson* and *Dimaya* control the outcome here. The residual clause in the three-strikes law "possesses the exact same two features" that rendered the residual clauses in those cases void for vagueness. *Id*. at 1223. The residual clause in § 3559(c)(2)(F)(ii) is unconstitutionally vague and "can no longer mandate or authorize any sentence." *Welch* 136 S. Ct. at 1265.

## C. **Whether *Johnson* Is Retroactively Applicable In This Case**

The Government does not dispute that *Johnson* announced a substantive rule but argues that *Johnson* is only retroactively applicable to ACCA cases on collateral review. ECF No. 128 at 12. This position, which the Government fails to support with any substantive analysis, is untenable, given the Supreme Court's explicit holding in *Welch* that *Johnson* is a "substantive decision and so has retroactive effect

under *Teague*[12] in cases on collateral review." 136 S. Ct. at 1265. *See also Schriro*, 542 U.S. at 351

("New substantive rules generally apply retroactively." (emphasis omitted)). As explained above, the

rule in *Johnson* is substantive because it "alter[ed] the range of conduct or the class of persons that the

law punishes." *Id.* Based on the reasoning set forth in *Welch*, courts throughout the Ninth Circuit

(including this one) have found that *Johnson*'s retroactivity is not limited to cases involving the ACCA's

residual clause, but have acknowledged its reach to cases that implicate similar language in 18 U.S.C.

§ 924(c), a statute that mandates specific penalties for the involvement of a firearm in relation to any

"crime of violence," on the ground that *Johnson* altered the range of conduct or class of persons that

§ 924(c) punishes. *See, e.g.*, *Bolar v. United States*, No. C16-986RSL No. CR09-293RSL, 2017 WL

1543166, at *4-5 (W.D. Wash. Apr. 28, 2017); *McFarland v. United States*, CV 16-7166-JFW CR 00-

1025-JFW, 2017 WL 810267, at *4 (C.D. Cal. Mar. 1, 2017); *United States v. Rubio*, No. 08-cr-297,

2016 WL 6821854, at *5-6 (E.D. Cal. Nov. 17, 2016). At least one other district court has also

invalidated a petitioner's sentence under § 3559(c) on collateral review in light of *Johnson*. *See Haynes*

*v. United States*, 237 F. Supp. 3d 816, 823 (C.D. Ill.), *appeal dismissed*, 873 F.3d 954 (7th Cir. 2017).

Like the ACCA's residual clause that was at issue in *Johnson*, § 3559(c) is a statute that "fix[es]

the permissible sentences for criminal offenses," *Beckles*, 137 S. Ct. at 892, and authorizes a mandatory-

minimum sentence that would otherwise be illegal to impose. Because "*Johnson* affected the reach of

the underlying statute rather than the judicial procedures by which the statute is applied," it "is thus a

substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Welch*,

136 S. Ct. at 1265. Therefore, because *Johnson* announced a new substantive rule retroactively

applicable to § 3559(c) cases on collateral review, and because Petitioner filed his § 2255 motion within

---

[12] In *Teague v. Lane*, 489, U.S. 288 (1989), the Supreme Court laid out the test for determining whether one of its opinions should apply retroactively to a final judgment in a criminal case. Under *Teague*, a rule which is "substantive," meaning it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," is retroactive. *Id.* at 311.

one year of the date *Johnson* was decided, the Court finds that Petitioner's motion is timely under § 2255(3)(f).

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that CPC § 211 may not serve as a predicate offense for the three-strikes law, because it does not categorically qualify under the elements clause or the enumerated-offenses clause and cannot qualify under the residual clause because that clause is unconstitutionally vague. Because there are no longer three "serious violent felonies" supporting Petitioner's § 3559(c) sentence, Petitioner is entitled to habeas relief under 28 U.S.C. § 2255(a), and the Court must resentence Petitioner to another sentence that was available at the time of the original sentencing in accordance with § 3559(c)(7).[13]

Accordingly, **IT IS HEREBY ORDERED**:

1. In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Petitioner Michael Minjarez's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 121) is **GRANTED;**

2. Petitioner's sentence pursuant to 18 U.S.C. § 3559(c) (ECF No. 81) is **VACATED**. However, all terms and provisions of the original judgment remain in effect;

3. The United States Probation Office **SHALL** file a short supplement to the Presentence Report advising the Court of any relevant information pertaining to Petitioner's time in custody and including a sentencing recommendation in accordance with this Order (*i.e.*, presuming that the three-strikes law does not apply in this case). Probation's supplement is due within **thirty (30)** days of electronic service of this Order;

4. The Court **ORDERS** that a resentencing hearing be set for April 29, 2019 at 9:00 a.m. before the undersigned. Should the parties wish to file memoranda pertaining to the resentencing, they must do so on or before April 22, 2019.

IT IS SO ORDERED.

Dated:  __March 14, 2019__          _____/s/ Lawrence J. O'Neill_____

---

[13] The Court's review of Petitioner's PSR indicates that applicable Guidelines range is 360 months to life imprisonment, based on his offense level of 37 and criminal history category VI (because Petitioner is classified as a career offender pursuant to USSG § 4B1.1(b)). *See* PSR ¶¶ 58, 83, 102.

UNITED STATES CHIEF DISTRICT JUDGE